## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                :

In re:                                :    Chapter 11

                                        :

**HERITAGE HOME GROUP LLC,** *et al.,*  :    Case No. 18-11736 (KG)

                                        :

            Debtors.[1]                :    Jointly Administered

                                        :

------------------------------------------------------------x  **RE: Docket Nos. 467 & 6; 3**

## ORDER (I) AUTHORIZING THE DEBTORS' PRIVATE SALE OF THE DEBTORS' HEADQUARTERS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF

Upon consideration of the *Debtors' Motion For Order (I) Authorizing the Debtors' Private Sale of the Debtors' Headquarters Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Approving the Purchase Agreement, and (III) Granting Related Relief* (the "<u>Motion</u>");[2] and it appearing that due and sufficient notice of the Motion and the relief sought in connection therewith having been provided to all parties in interest; and it further appearing that no other or further notice hereof is required; and this Court having reviewed and considered the Motion and any objections thereto; and this Court having heard statements of counsel and the evidence presented at any hearing in support of the relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it further appearing that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150).  The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is hereby GRANTED as set forth herein.

2.      The Purchase Agreement, a copy of which is attached hereto as **Exhibit 1**, and the transactions contemplated thereby, including payment of the Commission, shall be, and hereby are, approved; provided, however, the indemnification provision of Section 20 of the Purchase Agreement is void and shall have no force or effect as against any of the Debtors.

3.      The Debtors shall be, and hereby are, authorized to sell the Property to the Purchaser upon the terms and conditions set forth in the Purchase Agreement free and clear of any liens, claims, interests, or encumbrances (collectively, the "Interests")on the Property other than the Permitted Exceptions; provided, that any such Interests on the Property shall attach to the proceeds of the Sale with the same priority, validity, force and effect as they attached to the Property immediately before the closing date of the sale (such closing, the "Closing" and such date, the "Closing Date").

4.      At Closing, in accordance with the terms of that certain *Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing on a Final Basis and (B) Utilize Cash Collateral of secured Parties on a Final Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(C), (D), & (E), 346(C), 364(D)(1), 364(E) and 507(B)* [D.I. 209] (the "DIP Order") and the DIP Financing Documents (as defined in the DIP Order), all proceeds of the Sale, net of fees, costs and expenses (the "Net Proceeds") approved by PNC Bank, National Association in its capacity as administrative agent and collateral agent (the "DIP Agent"), shall be paid in cash by

01:23930045.2

wire transfer to DIP Agent to be applied to the Obligations (as defined in the DIP Order) in accordance with the terms of the DIP Order and the DIP Financing Documents.  The Net Proceeds shall be paid to DIP Agent without any setoff or deduction of any kind other than as set forth in the Purchase Agreement.

5.    The transfer of the Property to Purchaser pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of good and marketable title of the Property, and vests, or will vest, Purchaser with all right, title, and interest to the Property, free and clear of all interests, except as otherwise expressly stated as obligations of Purchaser under the Purchase Agreement; *provided, however*, that DIP Agent shall retain its Liens (as defined in the DIP Order) on the Debtors' interest in proceeds from the Sale of the Property that are escrowed at Closing (the "Escrowed Funds") until such time as the Escrowed Funds owed to Seller, if any, shall be paid to DIP Agent in cash by wire transfer.  All entities holding interests or claims of any kind or nature whatsoever against the Debtors or the Property are hereby and forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, its property, or the Property, any claim, interest or liability existing, accrued, or arising prior to Closing.

6.    On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete assignment, conveyance, and transfer of the Property or a bill of sale transferring good and marketable title of the Property to Purchaser. Notwithstanding the foregoing and for the avoidance of doubt, the obligations of the Debtors to PNC or KPS are not discharged by anything in this Sale Order.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Property prior to the Closing Date, other than Permitted

2c8a581466c380d3

Exceptions, or as otherwise provided in this Sale Order, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been affected.  This Sale Order is and shall be binding upon and govern the acts of all persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.  A certified copy of this Sale Order may be: (a) filed with the appropriate clerk; (b) recorded with the recorder; and/or (c) filed or recorded with any other governmental agency to act to cancel any Interests against the Property, other than the Permitted Exceptions.

7.    Except as provided below concerning the Interests in the Property held by PNC, as Prepetition Agent and DIP Agent, if any person or entity which has filed statements or other documents or agreements evidencing Interests on or in all or any portion of the Property (other than with respect to Permitted Exceptions) has not delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary

for the purpose of documenting the release of all Interests which such person or entity has or may assert with respect to all or a portion of the Property (the "Release Documents"), the Debtors and Purchaser are authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property; provided that, neither the Debtors nor the Purchaser is authorized to file any Release Documents with respect to the Interests held by PNC, as Prepetition Agent and DIP Agent, in the Property without first obtaining the express written consent of PNC and providing drafts of such Release Documents to PNC for its review and approval, which approval shall be in PNC's reasonable discretion; provided further that, notwithstanding the foregoing, the provisions of this Sale Order authorizing the transfer of the Property free and clear of all Interests (except only for Permitted Exceptions) shall be self-executing, and it shall not be, or be deemed, necessary for any person or entity to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be implemented.

8.      Except for the Permitted Exceptions set forth in the Purchase Agreement, or as otherwise expressly provided for in this Order or the Purchase Agreement, Purchaser shall not have any liability or other obligation of the Debtors arising under or related to any of the Property. Without limiting the generality of the foregoing, and except as otherwise expressly provided herein or in the Purchase Agreement, Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character, including, without limitation, under any theory of antitrust, environmental, successor, or transfer reliability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing, or hereafter arising, whether fixed or contingent, whether asserted or

01:23930045.2

unasserted, whether legal or equitable, with or liquidated or unliquidated, including, without limitation, liabilities on account of warranties, intercompany loans, receivables among the Debtors and their affiliates, environmental liabilities, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to the Closing.

9.      Except with respect to Permitted Exceptions set forth in the Purchase Agreement, or as otherwise permitted by the Purchase Agreement or this Order, all persons and entities, including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding interests of any kind or nature whatsoever against, or in, all or any portion of the Property, arising under, out of, in connection with, or in any way relating to, the Debtors, the Property, the operation of the Debtors' business prior to the Closing Date, or the transfer of the Property to Purchaser, are hereby forever barred, estopped, and permanently enjoined from asserting against Purchaser, or any of its affiliates, successors, or assigns, or their property or the Property, such persons' or entities' interests in and to the Property, including, without limitation, the following actions against Purchaser or its affiliates, or their successors, assets, or properties: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or other order; (c) creating, perfecting, or enforcing any lien or other Claim; (d) asserting any set off, right of subrogation, or recoupment of any kind; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or any other order of this Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to transfer or renew any license, permit, or

authorization to operate any of the Property or conduct any of the business operated with the Property.

10.    Pursuant to section 363(m) of the Bankruptcy Code, the Purchaser shall be, and hereby is, deemed to have purchased the Property in "good faith."

11.    Notwithstanding the provisions of Bankruptcy Rule 6004 or otherwise, this Order shall not be stayed for 14 days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in such rules is hereby expressly waived and shall not apply.

12.    Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

13.    The terms and provisions of this Order shall be binding in all respects upon: the Debtors; their estates; all creditors, officers, directors, advisors, members, managers, and all holders of equity in the Debtors, all holders of any claim(s) (whether known or unknown) against the Debtors, any holders of liens, claims, encumbrances, or interest against or on all or any portion of the Property, the Purchaser, and all successors and assigns of the Purchaser, and any trustees, if any, subsequently appointed in these chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of these chapter 11 cases.

14.    Nothing contained in any chapter 11 plan confirmed in these chapter 11 cases, the confirmation order confirming any such chapter 11 plan, any order approving the wind down or dismissal of these chapter 11 cases, or any order entered upon the conversion of these chapter 11 cases to one or more cases under chapter 7 of the Bankruptcy Code or otherwise shall conflict with or derogate from the provisions of the Purchase Agreement or this Sale Order.  In the event

there is a conflict between the terms of any subsequent chapter 11 plan or any order to be entered in these cases (including any order entered after conversion of these cases to cases under Chapter 7 of the Bankruptcy Code), the terms of this Order shall control.

15.    The automatic stay pursuant to Bankruptcy Code section 362 is hereby modified, lifted, and annulled with respect to the Debtors and Purchaser to the extent necessary, without further order of this Court, to (a) allow Purchaser to deliver any notice provided for in the Purchase Agreement, and (b) allow Purchaser to take any and all actions permitted under the Agreement in accordance with the terms and conditions thereof.

16.    This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

01:23930045.2    **Dated: December 10th, 2018**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**