**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x
:
In re:                                                                : Chapter 11
:
**HERITAGE HOME GROUP LLC, *et al.*,**   : Case No. 18-11736 (KG)
:
Debtors.[1]                                                      : Jointly Administered
:
: **Ref. Docket Nos. 11, 209, 534, 541 & 556**
:
------------------------------------------------------------x

**ORDER (I) AUTHORIZING AND APPROVING FURTHER AMENDMENT
TO THE DIP CREDIT AGREEMENT AND (II) AMENDING
THE FINAL DIP ORDER ON ACCOUNT OF SUCH AMENDMENT**

Upon consideration of the certification of counsel (the "**Certification of Counsel**") of the above-captioned debtors and debtors-in-possession for the entry of an order, pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d) and 507(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Paragraph 1.3.3 of that certain *Final Order (i) Authorizing the Debtors to (a) Obtain Post-Petition Financing and (b) Utilize Cash Collateral of Secured Parties, (ii) Granting Adequate Protection, (iii) Modifying the Automatic Stay, and (iv) Granting Related Relief, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), (d) & (e), 364(c), 364(d)(1), 364(e), and 507(b)*[Docket No. 209] (the "**Final DIP Order**"),[2] (i) authorizing and approving the Debtors to execute and deliver and perform under that certain Fourth Amendment to Debtor-in-Possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Final DIP Order.

Credit Agreement attached hereto as Exhibit 1 (the "**Fourth DIP Amendment**"), and (ii) amending the Final DIP Order on account of the Fourth DIP Amendment; and the Court having considered the Certification of Counsel and the record in these Cases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief provided for in this Order having been given in accordance with Paragraph 1.3.3 of the Final DIP Order; and the Court having determined that the Debtors entry into the Fourth DIP Amendment is an appropriate exercise of their business judgment; and after due deliberation and it appearing that sufficient cause exists for granting the relief provided for herein and that such relief is in the best interest of the Debtors, their estates, and their creditors, **IT IS HEREBY ORDERED THAT**:

1. The Fourth DIP Amendment is hereby approved, and the Debtors are hereby authorized to enter into the Fourth DIP Amendment and to perform all acts, and to make, execute and deliver all instruments and documents in connection therewith that may be reasonably required or necessary for the performance of their obligations under the Fourth DIP Amendment.

2. The Final DIP Order is hereby amended as follows:

    a. "DIP Credit Agreement" shall mean the DIP Credit Agreement as further amended by the Fourth DIP Amendment; and

    b. "Final Order" shall mean the Final Order as amended by this Order.

2

3. For the avoidance of doubt, the confirmation of indebtedness amounts set forth in Section 4 of the Fourth DIP Amendment are subject to any final determination relating to (i) the *Motion of Official Committee of Unsecured Creditors for Entry of an Order Granting Standing and Authority to Prosecute and Settle Claims on behalf of Debtors' Estates* [D.I. 358] and (ii) the *Motion of Official Committee of Unsecured Creditors for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on behalf of the Debtors' Estates* [D.I. 504] that may impact the indebtedness amounts.

4. For the avoidance of doubt, nothing in the Fourth DIP Amendment shall constitute a release of any claim, counterclaim or defense with respect to KPS Special Situations Fund III (A), LP, KPS Special Situations Fund III, LP, KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Offshore Investors Ltd., KPS Cayman Management III Ltd. and KPS Capital Partners, LP.

5. Except as expressly set forth in this Order, the terms, provisions and conditions of, and relief granted by, the Final DIP Order are not altered and shall remain in full force and effect.

6. Notwithstanding any applicable provision of the Bankruptcy Code and the Bankruptcy Rules, the terms, provisions and conditions of, and relief granted by, this Order shall be effective immediately and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Order.

**Dated: January 9th, 2019**
**Wilmington, Delaware**

*/s/ Kevin Gross*
**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

4

01:24047661.1