**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11736 (KG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 17, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: April 24, 2019 at 10:00 a.m. (ET)** |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO MARCH 15, 2019**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application") for authority to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel to the Trustee, *nunc pro tunc* to March 15, 2019, pursuant to sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Trustee submits the declaration of Bradford J. Sandler, a partner of the Firm (the "Sandler Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In further support of this Application, the Trustee respectfully submits as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Introduction**

4. On July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On March 15, 2019, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 644], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 645].

6. The Trustee has determined, subject to this Court's approval, to retain PSZ&J as counsel in connection with the administration of these cases.

**Relief Requested**

7. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order authorizing him to retain and employ PSZ&J, effective as of March 15, 2019, as counsel to the Trustee.

**Basis for Relief Requested**

8. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

9. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10. PSZ&J has advised the Trustee that neither PSZ&J nor any partner, counsel or associate of PSZ&J (i) holds an adverse interest in connection with the Debtors' cases; or (ii) represents any other entity having an adverse interest in connection with the Debtors' cases, except as disclosed in the Sandler Declaration.

11. The Trustee has selected PSZ&J because of its experience and knowledge and believes that PSZ&J has no disqualifying conflicts of interest. PSZ&J has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtors and these cases, entities that are claimants of the Debtors or other parties-in-interest in these cases.

12. To the best of the Trustee's knowledge, and except as disclosed in the Sandler Declaration, PSZ&J has had no other prior connection with the Debtors, their creditors or any other party-in-interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates.

13. PSZ&J represents many committees in other bankruptcy cases, the members of which (together with other creditors of these cases) may be creditors of the Debtors. However, PSZ&J will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

14. Similarly, PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the Debtors and these Cases. PSZ&J has not – except as disclosed in the Sandler Declaration – and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases. The Trustee believes that PSZ&J is qualified to represent the Trustee in these cases.

15. The services PSZ&J may be required to render for the Trustee include, without limitation, the following:

   a. Assisting, advising and representing the Trustee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and any other matters relevant to these cases;

   b. Preparing on behalf of the Trustee, necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

   c. Reviewing, analyzing and responding to pleadings filed in these Cases and any other legal proceeding pending before this or any other Court, and appearing in court to present necessary motions, applications and pleadings and to otherwise protect the interests of the Trustee and the estates; and

d. Assisting, advising and representing the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

e. Providing legal advice to the Trustee regarding the administration of these Cases and performing all other legal services for the Trustee that may be necessary and proper in these cases.

16. The Trustee intends to work closely with PSZ&J and any other retained professionals that may become involved in these cases in the future to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates in these cases.

17. The Trustee requests that PSZ&J be compensated on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. PSZ&J will file interim and final fee applications in these cases.

18. PSZ&J has advised the Trustee that this type compensation and payment arrangement is customary and reasonable for the work to be performed. The Trustee agrees and submits that PSZ&J's requested compensation and payment arrangement is customary and reasonable.

19. No previous application for relief sought herein has been made to this or any other Court.

## **Notice**

20. The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order annexed hereto, authorizing the retention of Pachulski Stang Ziehl & Jones LLP as counsel to the Trustee, *nunc pro tunc* to March 15, 2019 in connection with these cases and grant such other and further relief as is just or proper.

Dated: 4/3, 2019

/s/ [signature]
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Heritage Home Group, LLC, *et al.*

DOCS_DE:223221.1 68700/001