IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **HERITAGE HOME GROUP LLC**, *et al.*, | : | Case No. 18-11736 (KG) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | Related Docket Nos.: 661 |

------------------------------------------------------------ x

**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION, AS AGENT, TO MOTION OF SB360 CAPITAL PARTNERS, LLC FOR ENTRY OF AN ORDER (I) DIRECTING DEBTORS' SECURED LENDER PNC BANK, NATIONAL ASSOCIATION TO IMMEDIATELY REMIT SALE PROCEEDS PAID TO PNC SUBJECT TO SB360 CAPITAL PARTNER LLC'S RIGHT TO PAYMENT OF ITS FEES AND REIMBURSEMENT OF EXPENSES FROM SUCH PROCEEDS; AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER**

PNC Bank, National Association ("**PNC**"), in its capacity as (i) administrative and collateral agent for itself and other lenders under that certain *Debtor-in-Possession Credit Agreement*, dated as of July 31, 2018, (ii) agent under that certain *Debtor-in-Possession Guaranty and Security Agreement* dated July 31, 2018, (iii) administrative and collateral agent for itself and other lenders under that certain *ABL Credit Agreement*, dated as of March 13, 2017, and (iv) agent under that certain *ABL Guaranty and Security Agreement* dated March 13, 2017, objects as follows to the motion of SB360 Capital Partners, LLC ("**SB360**") for entry of an order (I) directing PNC to immediately remit sale proceeds purportedly paid to PNC and subject to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

SB360's right to payment from such proceeds and (II) granting such other and further relief as the Court deems just and proper [D.I. 661] ("**Motion**").

## PRELIMINARY STATEMENT

1. SB360, a nondebtor third-party, is seeking by motion practice to recover money from another nondebtor third-party, PNC. Specifically, SB360 seeks entry of an order directing PNC to remit $368,098.43 to SB360 for services allegedly rendered to the Debtors and expenses incurred from December 29, 2018 through February 28, 2019 arising from sale of the Debtors' inventory and owned furniture fixtures and equipment during the chapter 11 process. As explained below, the requested relief is substantively and procedurally improper.

## FACTUAL BACKGROUND

2. On July 29, 2018, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On August 29, 2018, this Court entered the *Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Utilize Cash Collateral of Secured Parties on A Final Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), (d) & (e), 364(c), 364(d)(1), 364(e) and 507(b)* [D.I. 209] ("**DIP Order**") which, among other things, authorized the Debtors to enter into, execute, deliver, perform, and comply with all of the terms, conditions, and covenants of the DIP Financing Documents, including without limitation, the DIP Credit Agreement and the Guaranty Agreement. *Id.* at § 1.3.1.

4. On September 28, 2018, this Court entered the *Amended Order (A) Authorizing the Debtors to Enter Into the Disposition Agreement; (B) Authorizing and Approving the Conduct of Store Closing or Similar Themed Sales Free and Clear of All Liens, Claims and*

*Encumbrances; (C) Approving Dispute Resolution Procedures; (D) Authorizing Customary Bonuses to Certain Employees; and (E) Granting Related Relief* [D.I. 335] ("**SB360 Order**").

5. On March 15, 2019 the Debtors' chapter 11 cases were converted to cases under chapter 7 and Alfred T. Giuliano has been appointed the chapter 7 trustee for the Debtors' estates.

6. On March 28, 2019, the *Notice of Chapter 7 Bankruptcy Cases* was filed and served. It establishes May 24, 2019 as the deadline by which all creditors (other than governmental units) must file proofs of claim ("**Bar Date**").

## ARGUMENT

I. *No Legal Basis for Finding Payment Obligation Owed by PNC to SB360.*

7. The Motion is replete with SB360's admissions that obligations under and actions in furtherance of the disposition agreement approved by the SB360 Order were undertaken solely between the Debtors and SB360 – not PNC. Yet, in an obvious attempt to draw PNC into the dispute, the Motion makes thin, conclusory and/or veiled statements about PNC's role in the chapter 11 cases. For example, SB360 states that "the Debtors and PNC were not timely remitting payment of [SB360's] fees" and, without alleging any wrongdoing, that PNC swept sale proceeds from the Debtors' bank accounts and applied such amounts to outstanding secured indebtedness.[2] These statements fail to articulate any theory of direct liability against PNC for fees and expenses incurred by SB360 under its disposition agreement with the Debtors. Specifically, the Motion does not allege (1) SB360 is a secured party with senior priority to

---

[2] *See* Motion, ¶¶ 6, 9, 10, 12, 17 (admitting services provided to Debtors based upon entry into Disposition Agreement and transactional interactions between SB360 and the Debtors); *and compare* Motion to Recover, ¶¶ 13 ("the Debtors and PNC were not timely remitting payment"), 15 ("all the while sweeping all of the sale proceeds"), and 17 ("swept the proceeds from the sale of the Subject Assets from the Debtors' bank accounts and applied such amounts to the outstanding obligation under pre-petition and post-petition amounts owed by the Debtors").

proceeds of PNC's collateral; (2) SB360 has contractual privity with PNC; or (3) sale proceeds were held in trust or in escrow for payment of SB360's fees and expenses. Accordingly, SB360's failure to provide any factual or legal support for a theory of direct liability against PNC dooms the Motion and its baseless request to hold PNC liable for immediate payment of SB360's fees and expenses incurred while these cases were in chapter 11.[3]

8. SB360's reliance on language in the SB360 Order, which allows for the sale of the Debtors' assets free and clear of any interest in such assets and for interests in such assets to remain in proceeds but "subject to [SB360]'s fees and expenses pursuant to the Disposition Agreement," is insufficient to establish SB360's purported "senior rights in and to the proceeds of the sale." Motion, ¶¶ 15, 17-19. SB360 fails to cite any lien-granting language in the Disposition Agreement or other language granting SB360 priority vis-a-vis PNC with respect to proceeds from the sale of PNC's collateral. Unsurprisingly, SB360 cites no law to support its requested relief. Accordingly, for all of these reasons, the relief requested should be denied.

## II. The Motion Is Procedurally Improper.

9. Put simply, SB360 is attempting to recover money from PNC, a nondebtor third-party. The plain language of Bankruptcy Rule 7001 makes clear that proceedings to "recover money or property … determine the validity, extent or priority of a lien or other interest in property … [or] to obtain a declaratory judgment…", such as the relief sought by SB360, must be brought by adversary proceeding, not by motion. F. R. Bankr. P. 7001. Thus, the Motion is procedurally improper because the determination that SB360 seeks with respect to fees and expenses allegedly owed to it must be brought by adversary proceeding with respect to PNC.

---

[3] SB360 also provides no support for the proposition that sale proceeds were paid directly to PNC.

10. Failure to commence an adversary proceeding when seeking the relief of the kind listed in Bankruptcy Rule 7001 warrants the denial of the motion or the dismissal of the proceeding. 10 Collier on Bankruptcy ¶ 7001.01 (16th ed. 2018). By filing a motion instead of an adversary proceeding, SB360 is attempting to skirt the requirements of Bankruptcy Rule 7001. Accordingly, this Court should deny the Motion.

### III. SB360's Request for Payment of Claims Is Premature In Light of Conversion.

11. Essentially, the Motion asserts a chapter 11 administrative expense claim on behalf of SB360. But, these cases converted to chapter 7 nearly a month ago. As a result, SB360 must wait patiently with all other chapter 11 administrative expense claimants for its prorated distribution (if any). Considering that the Bar Date has not passed yet and, further, that all chapter 7 administrative expense claims must be paid first, there is no impetus for resolving SB360's administrative expense claim at this moment. PNC is confident the chapter 7 trustee will address this claim at an appropriate time in the future in connection with his administration of the estates. Accordingly, SB360's requested relief is premature and its Motion should be denied.

Dated: April 11, 2019
      Wilmington, Delaware

**BLANK ROME LLP**

 /s/ Stanley B. Tarr
Regina Stango Kelbon (DE No. 5444)
Stanley B. Tarr (DE No. 5535)
John E. Lucian (*pro hac vice* to be filed)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464
E-mail:  Kelbon@BlankRome.com
        Tarr@BlankRome.com
        Lucian@BlankRome.com

*Counsel to PNC Bank, National Association*