IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | |
| In re: | : | Chapter 7 |
| | : | |
| **HERITAGE HOME GROUP LLC,** *et al.*, | : | Case No. 18-11736 (KG) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | Related Docket No.: 725 |
| ------------------------------------------------------------ x | | |

**OBJECTION OF PNC BANK, NATIONAL ASSOCIATION, AS AGENT, TO *EX-PARTE* MOTION OF HHG IPCO, LLC FOR AN ORDER SHORTENING NOTICE PERIOD FOR A HEARING ON ITS MOTION TO COMPEL**

PNC Bank, National Association ("**PNC**"), in its capacity as (i) administrative and collateral agent for itself and other lenders under that certain *Debtor-in-Possession Credit Agreement*, dated as of July 31, 2018, (ii) agent under that certain *Debtor-in-Possession Guaranty and Security Agreement* dated July 31, 2018, (iii) administrative and collateral agent for itself and other lenders under that certain *ABL Credit Agreement*, dated as of March 13, 2017, and (iv) agent under that certain *ABL Guaranty and Security Agreement* dated March 13, 2017, objects as follows to the motion [Docket No. 725] ("**Motion to Shorten**") of HHG IPCo LLC ("**IPCo**") for an order shortening notice period for a hearing on its *Motion to Compel Compliance with the Order (I) Approving the Asset Purchase Agreement Between the Debtors and the Purchaser, (II) Approving the Sale of the Acquired Assets Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing the Assumption and Assignment of Executory*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters is located at 1925 Eastchester Drive, High Point, North Carolina 27265.

*Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 724] ("**Motion to Compel**"), and in support thereof respectfully states as follows:

## ARGUMENT

1. The local rules of this Court (the "**Local Rules**") require that all motion papers be filed and served at least fourteen (14) days prior to a hearing date. Del. Bankr. L.R. 9006-1(c)(1). Further, the Local Rules mandate that objection deadlines be set to permit objections to be filed and served at least seven (7) days prior to the hearing. Del. Bankr. L.R. 9006-1(c)(ii). These rules ensure that parties-in-interest are provided with sufficient time to review a motion, analyze and assess whether the relief requested makes sense, and prepare a thoughtful response to the extent their assessment identifies issues that have not been properly addressed. If, however, a party seeks to schedule a motion on less than the requisite notice period, the party must, by written motion, specify the exigencies justifying shortened notice. Del. Bankr. L.R. 9006-1(e). Essentially, IPCo's sole exigency is its bald assertion "there is a risk that the Trustee uses the proceeds that IPCo seeks to recover, and which IPCo asserts is rightfully its property." Motion to Shorten, ¶ 7. However, without more, IPCo's assertion is insufficient to justify shortening notice.

2. First, any exigency to have the Motion to Compel heard is one IPCo admits is self-imposed. Motion to Shorten, ¶ 8 (IPCo admits awareness of dispute two months ago). Second, IPCo is not prejudiced if this Court requires them to proceed on the requisite full notice period. More specifically, other than IPCo's attempt to construct exigency in the Motion to Shorten, IPCo does not present any evidence in its papers that the chapter 7 trustee has identifiable proceeds, intends to imminently use such proceeds, and that payment to IPCo demands such immediate priority relative to the chapter 7 trustee's (chapter 7) administrative

expenses.  <u>Third</u>, although primarily an issue for the chapter 7 trustee more so than PNC, inasmuch as the motion seeks allowance and payment of a chapter 11 administrative expense claim, PNC notes that the deadline for filing same has not yet expired and is the subject of a pending motion by the chapter 7 trustee filed on April 25, 2019 [Docket No. 714].  Thus, dealing with it substantively now rather than after the bar date, would consume unnecessary estate resources.

3. Accordingly, this Court should deny the Motion to Shorten and require the Motion to Compel to be heard on the full notice period required by the applicable rules.

Dated: May 13, 2019
       Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Stanley B. Tarr*
Regina Stango Kelbon (DE No. 5444)
Stanley B. Tarr (DE No. 5535)
John E. Lucian (*pro hac vice*)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 425-6400
Facsimile:   (302) 425-6464
E-mail:   Kelbon@BlankRome.com
          Tarr@BlankRome.com
          Lucian@BlankRome.com

*Counsel to PNC Bank, National Association*