**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11736 (KG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 714 |

**ORDER (I) ESTABLISHING THE DEADLINE TO FILE REQUESTS FOR PAYMENT
OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §
503(b), (II) APPROVING FORM AND MANNER OF NOTICE THEREOF AND
(III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion"),[2] filed by Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates (the "Estates") of the above-captioned debtors (the "Debtors"), and requesting entry of an order (this "Order"), pursuant to sections 105(a), 503 and 704(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1019(6) and 3002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing a deadline for asserting certain Chapter 11 Administrative Claims (as defined below) against one or more of the estates; (ii) prescribing the form and manner of notice thereof; and (iii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. **The Chapter 11 Administrative Claim Bar Date**. The deadline for all persons or entities (except as otherwise provided in this Order and excepting Governmental Units) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim")[3] that arose during the period from and including July 29, 2018, through and including March 14, 2019 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period") to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be **July 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** (the "Chapter 11 Administrative Claim Bar Date").

3. **The Bar Date Notice**. The proposed notice of the Chapter 11 Administrative Claim Bar Date attached to the Motion as **Exhibit B** (the "Chapter 11 Administrative Claim Bar Date Notice") is APPROVED.

---

[3] For purposes of the Chapter 11 Administrative Claim Bar Date, the defined term "Chapter 11 Administrative Claim" shall include any claims under section 503(b)(9) of the Bankruptcy Code.

1

**A.      Service of the Bar Date Notice**

4. The Trustee shall file a finalized version of the Chapter 11 Administrative Claim Bar Date Notice on the dockets maintained in each of the Bankruptcy Cases no later than the date that is five (5) business days after the date of entry of this Order.

5. The Clerk of the Bankruptcy Court shall cause the mailing of service of the Chapter 11 Administrative Claim Bar Date Notice to be completed no later than the date that is five (5) business days after the date of filing of the Chapter 11 Administrative Claim Bar Date Notice by the Trustee, or as soon thereafter as is reasonably practicable. Due to the voluminous number of creditors in these cases, the Clerk of the Bankruptcy Court is authorized to serve a one-page notice, referencing the Debtors' case name and number, containing a link to the Chapter 11 Administrative Claim Bar Date Notice, which will be accessible on the Court's website.

6. Service of the Chapter 11 Administrative Claim Bar Date Notice shall be made upon the following persons and entities: (a) the U.S. Trustee; (b) all known or suspected parties that might assert a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors, including Governmental Units; (c) all professionals employed in the Bankruptcy Cases prior to the Conversion Date pursuant to section 327, 328 and/or 1103 of the Bankruptcy Code (collectively, the "<u>Professionals</u>"); (d) any person or entity that has requested service pursuant to Bankruptcy Rule 2002; and (e) all persons and entities listed on the creditor matrix maintained in these jointly-administered Bankruptcy Cases ((a) through (e) collectively, the "<u>Chapter 11 Administrative Claim Bar Date Notice Parties</u>"). Service of the Chapter 11 Administrative Claim Bar Date Notice by the Clerk of the

2

Bankruptcy Court on the Chapter 11 Administrative Claim Bar Date Notice Parties in the manner set forth above shall constitute proper and sufficient notice under the circumstances.

B. **Notice to Subsequently Discovered Potential Claimants**

7. If, after the initial mailing of the Chapter 11 Administrative Claim Bar Date Notice as set forth above, additional parties that might assert Chapter 11 Administrative Claims are discovered by or otherwise become known to the Trustee, the Trustee is permitted to make supplemental mailings of notices containing information similar to that contained in the Chapter 11 Administrative Claim Bar Date Notice, but stating that, to be deemed timely-filed, such persons and entities must file Requests for Payment by the later of: (a) the General Bar Date, the Chapter 11 Administrative Claim Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. (Prevailing Eastern Time) on the first business day that is at least thirty (30) days from the date a supplemental notice is mailed by the Trustee.

C. **Procedures for Filing and Serving Requests for Payment**

8. The following procedures for filing a Request for Payment are APPROVED:

   a. Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the Chapter 11 Administrative Claim Bar Date Order and the Chapter 11 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

   b. Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

   c. Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date. Additionally, each Request for

Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

    d.    Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery, or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Peter J. Keane, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

RE:    In re Heritage Home Group LLC, *et al.*, Case No. 18-11736 (KG)
Request for Payment/Chapter 11 Administrative Claim

**If by Electronic Mail:**
bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

**D.    Persons and Entities Not Required to File a Request for Payment**

    9.    The following persons and entities are <u>not</u> required to file a Request for Payment:

    a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b.    Governmental Units holding claims covered by section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code;[4]

    c.    the Pre-Petition Secured Parties and the Pre-Petition Term Secured Parties as defined in the *Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing on a Final Basis and (B) Utilize Cash Collateral of Secured Parties on a Final Basis, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(c), (d) & (e), 364(c), 364(d)(1), 364(e) and 507(b)* (the "<u>Final DIP Order</u>") [Docket No. 209], including,

---

[4] *See* Del. Bankr. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by section 503(b)(1)(B), (C), or (D).").

4

> without limitation, with respect to any of the Pre-Petition Obligations, Pre-Petition Term Obligations, or any other claims or liens granted under or created by the Final DIP Order.

   d.  any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that proposed in the Motion;

   e.  any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date; and

   f.  any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date.[5]

**E.  Chapter 11 Case Professionals**

10.  To the extent not already filed, the Trustee Professionals must file final fee applications subject to notice and a hearing, as required by the Bankruptcy Code, applicable Bankruptcy Rules and local rules, and any applicable orders of the Bankruptcy Court, by the Chapter 11 Administrative Claim Bar Date.

**F.  Effect of Failure to File a Timely Request for Payment**

11.  **UNLESS OTHERWISE ORDERED BY THE COURT, ANY POTENTIAL HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THE CHAPTER 11 ADMINISTRATIVE CLAIM BAR DATE ORDER AND THE CHAPTER**

---

[5] To the extent necessary, the Trustee will seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

**11 ADMINISTRATIVE CLAIM BAR DATE NOTICE, (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE ESTATES WITH RESPECT TO SUCH CHAPTER 11 ADMINISTRATIVE CLAIM.**

G. **No Request for Scheduling of Hearing on Requests for Payment**

12. Notwithstanding section 503(b) of the Bankruptcy Code, the Trustee proposes that any Requests for Payment be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. This procedure will promote judicial economy for all parties involved by eliminating unnecessary hearings on undisputed Chapter 11 Administrative Claims. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

H. **Sole and Exclusive Method to Assert Chapter 11 Administrative Claims**

13. The procedures set forth and approved in this Order are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

14. The Trustee and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**Dated: May 14th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**