## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | Case No. 18-11736 (KG) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 31, 2019 at 4:00 p.m. (ET)** |
| | **Hearing Date: August 9, 2019 at 10:00 a.m. (ET)** |

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER DISPOSAL OF CERTAIN RECORDS AND DOCUMENTS

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby moves this Court (the "Motion"), for entry of an order, substantially in the form attached to this Motion as **Exhibit A**, pursuant to sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, the Trustee's abandonment, disposal, and/or destruction of certain non-essential books, records, information, and other papers of the Debtors.  In support of the Motion, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

### Background

4.       On July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.       On March 15, 2019, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 644], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 645].

6.       On August 8, 2018, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 87].

7.       On March 15, 2019 (the "Conversion Date"), the Bankruptcy Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 644], and Alfred T. Giuliano was appointed as the Trustee [Docket No. 645].

8.       The Trustee has collected and/or copied the Debtors' books, records, other papers, and electronic records from the Debtors' facilities that he believes are needed by the estates,

including, but not limited to, certain accounts payable and accounts receivable records, e-mail records, general ledger records, tax records, and other business and financial records.

9.      The Trustee is informed that the following books and records (collectively, the "Documents") are being stored pursuant to prior agreements by the Debtors with certain vendors:

     a.      Approximately 728 boxes of hard copy documents in storage with Iron Mountain.  The Debtors were being billed $470 per month for this storage.

     b.      Approximately 1,613 boxes of hard copy records in storage with COR365. The Debtors were being billed approximately $750 to $775 per month for this storage.

     c.      Old records held by former counsel to Lane Furniture relating to product safety issues or product labeling of an entity named Action, a division of Lane Furniture that the Trustee is informed was previously purchased by the Debtors.

10.     In addition, the Trustee has worked with a third-party vendor, NorthState, to backup certain of the Debtors' data and accounting records located on servers or other computer hardware or storage media.  That process has been completed or will be completed in the near term.  The software previously used to access the data on these servers was provided by SAP America, Inc. ("SAP") pursuant to a license agreement between the Debtors and SAP.  For the avoidance of doubt, the Trustee seeks authorization to destroy all copies of all software and other intellectual property licensed by or through SAP under the license agreement, and to execute any appropriate documents in connection with such destruction (the "SAP Information")

11.     The Trustee seeks to stop any further storage costs and any potential unnecessary administrative expenses of the estates by obtaining authority to abandon and/or destroy the hard copy Documents and the SAP Information, in his sole and absolute discretion, but provided that the Trustee determines that the Documents are no longer necessary for the remaining administration of the Debtors' estates.

**Relief Requested**

12.     As a result of his efforts to copy and/or collect the books, records, and papers needed by the estates for the administration of these cases, the Trustee no longer needs to retain all of the books and records of the Debtors, including the Documents in storage and SAP Information noted in this Motion.  By this Motion, the Trustee seeks an order authorizing him, in exercise of his business judgment and in his sole and absolute discretion, to abandon and, as appropriate, discard or destroy the hard copy Documents in storage and SAP Information, which are not necessary to the discharge of the Trustee's duties or to the continued administration of these estates.  The continued maintenance of the hard copy Documents and SAP Information constitutes a burden to the estates.

**Basis for Relief**

13.     Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  In addition, section 363(b)(1) provides, in pertinent part:

> The trustee, after notice and a hearing, the trustee may use,  sell, or lease, other than in the ordinary course of business,  property of the estate.

11 U.S.C. § 363(b)(1).

14.     Moreover, the abandonment, destruction or other disposal of the Documents is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.**  Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code.  A party in interest may

> file and serve an objection within 15 days of the mailing of the
> notice, or within the time fixed by the court.  If a timely objection
> is made, the court shall set a hearing on notice to the United States
> trustee and to the other entities as the court may direct.

Fed.R. Bankr. P. 6007.

15.     Courts have held that "[t]he trustee's power to abandon property is discretionary."

*In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted).  A trustee may abandon

estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome

to the estate."  *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract

Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013)

(granting request to abandon personal property at leased location that, according to the debtors,

was of negligible commercial value, storing it created a burden on the estate, and abandonment

would pose no threat to public safety and would not contravene any law or regulation).  The

decision to abandon must merely reflect "business judgment made in good faith" that rests on a

reasonable basis.  *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

16.     "Courts defer to the trustee's judgment and place the burden on the party

opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's

discretion."  *Id.*  "The party opposing the abandonment must show some likely benefit to the

estate, not mere speculation about possible scenarios in which there might be a benefit to the

estate."  *Id.*  "The court only needs to find the trustee made: 1) a business judgment; 2) in good

faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority."  *Id.*

17.     All of the conditions to abandonment are satisfied here.  The Trustee does not

reasonably anticipate any prejudice to any party in interest if the hard copy Documents and SAP

Information are discarded or destroyed.  The Trustee will not seek to discard or destroy any hard

copy Documents that may be necessary to administer the Debtors' estates.  The Trustee will

cause to be destroyed any of the Documents that contain personally identifiable information as that term is defined in 11 U.S.C. § 101(41A).

18.     The Trustee has determined that abandoning and discarding or destroying the hard copy Documents and SAP Information at this time makes the most economic sense and saves the estates from having to incur the unnecessary cost of continuing to store the hard copy Documents.

### Waiver of Bankruptcy Rule 6007

19.     Among other things, Bankruptcy Rule 6007(a) requires that the Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors."  Fed. R. Bank. Pro. 6007(a).  The Debtors' creditor matrix contains over 22,200 parties.  Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly.  The Trustee will serve a copy of this Motion and related documents on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set forth in Rule 6007.  The Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.  In any event, the Trustee will not be abandoning any of the Documents that are necessary for the remaining administration of the Debtors' estates, and, thus, abandonment will not prejudice creditors and parties in interest.

### Notice

20.     Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) Iron Mountain; (d) COR365; (e) SAP America; and (f) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court (a) enter the proposed order attached to this Motion as **<u>Exhibit A</u>**, authorizing, but not directing, the Trustee to abandon and discard or destroy the hard copy Documents and SAP Information in his sole and absolute discretion, and (b) grant such other and further relief as this Court deems just and proper.

Dated:  July 17, 2019          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*