## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | Case No. 18-11736 (BLS) |
| Debtors. | (Jointly Administered) |

Objection Deadline:  July 9, 2020 at 4:00 p.m. (ET)
Hearing Date:  July 29, 2020 at 11:30 a.m. (ET)

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO SETTLE PREFERENCE CLAIM CONTROVERSIES PURSUANT TO BANKRUPTCY RULE 9019(b) AND MODIFY COMPROMISE PROCEDURES**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), files this *Motion for Authority to Settle Preference Claim Controversies Pursuant to Bankruptcy Rule 9019(b) and Modify Compromise Procedures* (the "Motion").  In support of the Motion, the Trustee states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification numbers, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

DOCS_LA:330264.1

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9019.

**Background**

4.      On July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On March 15, 2019 (the "Conversion Date"), the Bankruptcy Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 644], and Alfred T. Giuliano was appointed as the Trustee [Docket No. 645].

6.      Prior to the Conversion Date, the Debtors offered customers a wide array of home furnishings under several well-known brands, including Thomasville, Broyhill, Lane, Drexel Heritage, Henredon, Pearson, Hickory Chair, Lane Venture, and Maitland-Smith.

7.      Commencing on March 6, 2020, the Trustee, through his counsel, sent 126 demand letters ("Demand Letters") to certain recipients of transfers made by the Debtors during the 90-day period prior to the Petition Date (the "Preference Period").  The Trustee and his counsel have been in process of discussing the Demand Letters with several parties and, indeed, have reached several agreements to settle the matters alleged in the Demand Letters.

8.      By this Motion, the Trustee hereby applies to this Court for entry of the Proposed Order attached hereto as **Exhibit A**, authorizing the Trustee to resolve claims arising under section 547 of the Bankruptcy Code (the "Preference Claims") on the modified procedures described *infra*.

9.      The Trustee anticipates that the net benefit to the estate will be maximized by compromising most, if not all, of the Preference Claims, whether through negotiation before a complaint is filed with this Court, or after, rather than incurring the expense and uncertainty of litigation of any such complaint.

10.      Because of the number of preference recipients and the need to promptly and efficiently resolve these Preference Claims, the Trustee hereby seeks entry of an order, pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and 9019, establishing the following procedures to permit the Trustee to compromise and settle Preference Claims on an expedited basis (the "Settlement Procedures").  The Settlement Procedures establish "tiered" requirements based on the size of the proposed settlement:

- For Preference Claims in which the Disputed Amount[2] does not exceed $50,000.00, the Trustee may settle the matter without further Court approval or notice to any party.

- For Preference Claims in which the Disputed Amount is greater than $50,000.00, the Trustee may settle the matter without further Court approval or notice to any party as long as the amount recovered is 50% or more of the Disputed Amount.

For Preference Claims that do not fall within the above Settlement Procedures, the Trustee will file separate motions under Bankruptcy Rule 9019 (which may be omnibus motions) for approval under such Preference Claims.

11.      Rather than burden this Court and the estates with the administrative expenses of presenting a motion to compromise each individual settlement, the Trustee proposes that this Court modify the compromise procedures pursuant to Rule 9019(b), and grant the Trustee authority to settle Preference Claims without further necessity of notice or court approval.  The Trustee further submits that the Settlement Procedures requested herein are in the

---

[2] The term "Disputed Amount" is defined as the dollar amount to be sought by the Trustee against a particular vendor **after** consideration of the potential Section 547(c) defenses of ordinary course of business and subsequent new value.

best interest of the estates because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estates' net recovery on preference claims.

### Basis for Relief

A.    **Compromise Procedures Are Permissible Under Bankruptcy Rule 9019(b)**

12.    Federal Rule of Bankruptcy Procedure 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise.  Rule 9019(b) provides an exception to this procedure:

> Authority to Compromise or Settle Controversies within Classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes **without further hearing or notice**.

*Id.* (emphasis added).

13.    Bankruptcy courts favor compromise. *See In re Sassalos,* 160 B.R. 646,653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judgment to approve or disapprove a compromise...rests in the sound discretion of the judge."). Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate. *See In re Louise's Inc.,* 211 B.R. 798 (D. Del. 1997); *Fischer v. Pereira (In re 47-49 Charles St., Inc.),* 209 B.R. 618, 620 (S.D.N.Y. 1997).  In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value of the estate of accepting the compromise. *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996). Among other things, a bankruptcy court should consider a balance between likelihood of success compared to present benefits, prospect of protracted litigation if not approved, and the extent to which settlement is the product of arm's length bargaining. *Fischer v. Pereira,* 209 B.R. at 620.

4

"Ultimately, the court must determine whether the settlement falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC,* 428 B.R. 117, 136 (Bankr. D.N.J. 2010). With respect to any proposed settlement of the Preference Claims that the Trustee seeks to enter into under the proposed Settlement Procedures, the Trustee will focus on the merits of the defenses to the Preference Claims, the risk if the Preference Claims were litigated, and the expense likely to be incurred in connection with such litigation

14.     This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Rule 9019(b), as well as sections 105(a) and 363(b) of the Bankruptcy Code. Bankruptcy Rule 9019(b) provides that the Court may authorize the Trustee to settle certain classes of controversies without requiring separate notice and a hearing with respect to each separate controversy. As set forth in the Advisory Committee Note to the original enactment of this Rule, subdivision (b) permits a court to deal efficiently with a case that may involve a large number of settlements. *In re NJ Affordable Homes Corp.,* 05-60442, 2007 WL 3166950, *11 (Banks. D.N.J. Oct. 22, 2007) (citing and discussing Advisory Committee Note). The subdivision was intended to address situations in which compliance with the requirements of subdivision (a) would not be practical or efficient. *Id.* Courts have granted similar authority to debtors in possession and trustees in other chapter 11 cases to settle claims of their estates, including this district. *See In re NewPage Corporation, et al.,* Case No. 11-12804 (KG) (Bankr. D. Del.) (Sept. 20, 2013) (establishing procedures for the settlement of various adversary actions); *In re Nortel Networks Inc., et al.,* Case No. 09-10138 (KG) (Bankr. D. Del.) (April 9, 2009) (establishing procedures for the settlement of various judicial, administrative, arbitral or other actions); *In re Amp'd Mobile, Inc. et al.,*

Case No. 07-10739 (BLS) (Bankr. D. Del.) (Feb. 14, 2008) (establishing procedures for the settlement of preferential transfer claims).

15.     In addition, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order...that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See 11 U.S.C. § 105(a).* Pursuant to section 363(b)(1) of the Bankruptcy Code, a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To obtain court approval of a use of property under section 363(b), a debtor needs only to show a legitimate business justification for the proposed action. *See, e.g., Myers v Martin (In re Martin),* 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citations omitted); *Computer Sales Int'l, Inc. v. Fed. Mogul Global, Inc. (In re Fed Mogul Global, Inc.),* 293 B.R. 124, 126 (D. Del. 2003) ("As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction."); *In re Delaware and Hudson Ry. Co.,* 124 B.R. 169 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" test for use of property under section 363(b) of the Bankruptcy Code).

16.     Here, the establishment of these Settlement Procedures is supported by a legitimate business justification and is in the best interests of the Debtors' estates and creditors. Specifically, the Settlement Procedures will: (a) facilitate the prompt monetization of the Preference Claims; and (b) minimize the administrative expense and procedural burdens associated with obtaining approval of numerous settlements of

Preference Claims, while preserving fundamental checks on the reasonableness of such settlements.

**B.      Bankruptcy Rule 2002(a)(3) Permits the Court to Limit Notice of Settlements of Preference Claims Upon a Showing of Good Cause**

17.     Pursuant to Bankruptcy Rule 2002(a)(3), certain parties must receive notice of hearings on the approval of a compromise or settlement of any controversy, unless the Court orders otherwise upon good cause shown.

18.     In furtherance of the relief requested herein, the Trustee also requests that, pursuant to Bankruptcy Rule 2002(a)(3), the Court find that cause exists to limit notice, as described above, of any settlement entered pursuant to the Settlement Procedures.

19.     The estates have numerous unsecured creditors. The cost of producing and mailing notice of settlement to all creditors, or even a short list of creditors, whether or not they desire such notice, is burdensome and wasteful to the estates. The Trustee submits that limiting notice and authorizing compromises of claims as provided herein-above will preserve the resources of the estates.

**<u>Notice</u>**

20.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel to the Debtors and (c) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

DOCS_LA:330264.1

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially attached hereto as **Exhibit A,** granting the Motion and granting such other relief as the Court deems just and equitable.

Dated:  June 25, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Peter J. Keane (DE Bar No. 5503)
Steven W. Golden (TX Bar No. 24099681)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
             acaine@pszjlaw.com
             pkeane@pszjlaw.com
             sgolden@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

DOCS_LA:330264.1