**Exhibit A to Order**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | Case No. 18-11736 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 795 |

### STIPULATION RESOLVING H. THOMAS KELLER & ASSOCIATES, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE

This stipulation (the "Stipulation") is entered into by and between Alfred T. Giuliano, chapter 7 trustee for the estates of the above-captioned debtors (the "Debtors") and H. Thomas Keller & Associates, LLC ("HT Keller," and together with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

### Recitals

A. On July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B. On March 4, 2019, HT Keller filed a proof of claim asserting a general unsecured claim in the amount of $32,134.45 and identified on the Final Claims Register [ECF No. 664] as Claim No. 368 (the "General Unsecured Claim").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification numbers, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

C. On March 15, 2019 (the "Conversion Date"), the Bankruptcy Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 644], and Alfred T. Giuliano was appointed as the Trustee [Docket No. 645].

D. On June 28, 2019, HT Keller filed the *H. Thomas Keller & Associates, LLC Motion for Allowance of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code* [Docket No. 795] (the "Motion"),[2] asserting a chapter 11 administrative expense claim in the amount of $93,012.08 plus amounts due and owing for the Missing Statements (as defined in the Motion).

E. After exchange of information, the Parties have agreed, subject to approval of the Court, to resolve the Motion on the terms and conditions set forth below:

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Allowance of Chapter 11 Claim. Upon the Effective Date, HT Keller shall have an allowed chapter 11 administrative expense claim in the total aggregate amount of $124,365.15 (the "Allowed Chapter 11 Claim").

3. Payment of Allowed Administrative Claims. The Allowed Chapter 11 Claim shall be paid as and when other similarly-situated claims are paid, in accordance with the priorities of the Bankruptcy Code.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

4. <u>Withdrawal of Rule 2004 Motion</u>.  Upon the Effective Date, the *H. Thomas Keller & Associates, LLC's Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents and Materials and Appearance for Oral Examination* [Docket No. 855], shall be deemed withdrawn from the docket.

5. <u>Trustee's Release</u>**.**  Effective on the Settlement Effective Date, the Trustee, solely in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged HT Keller, its directors, employees, officers and the successors and assigns of any of them (collectively, the "<u>Defendant Releasees</u>") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Defendant Releasees, including any chapter 5 causes of action.

6. <u>HT Keller Limited Release</u>.  Effective on the Settlement Effective Date, except for the Allowed Chapter 11 Claim, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, and subsidiaries (collectively, the "<u>Trustee Releasees</u>"), from any and all claims, other than the General Unsecured Claim and Allowed Chapter 11 Claim, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills,

3

WEIL:\97563264\1\78028.0003

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant Releasees has, had, may have, or may claim to have against any of the Trustee Releasees.

7. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Court.

11. The terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Stipulation.

WEIL:\97563264\1\78028.0003

| | |
|---|---|
| Dated: October 14, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | Wilmington, DE 19801 |
| | Telephone:  (302) 652-4100 |
| | Facsimile:  (302) 652-4400 |
| | Email:     bsandler@pszjlaw.com |
| |        crobinson@pszjlaw.com |
| |        pkeane@pszjlaw.com |
| | |
| | *Counsel to Alfred T. Giuliano, Chapter 7 Trustee* |
| | |
| Dated: October 14, 2020 | WHITE AND WILLIAMS LLP |
| | |
| | */s/ Marc S. Casarino* |
| | Marc S. Casarino, Esq.(DE #3613) |
| | 600 North King Street, Suite 800 |
| | Wilmington, DE 19801-3722 |
| | Telephone: 302-467-4520 |
| | Facsimile: 302-467-4550 |
| | E-mail: casarinom@whiteandwilliams.com |
| | |
| | *Attorneys for H. Thomas Keller & Associates, LLC* |

5