# EXHIBIT 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11736 (BLS)<br><br>(Jointly Administered) |
| HERITAGE HOME GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Cabot House Inc.,<br>Campbell & Co. Inc.,<br>Plum Management LLC,<br>Quality Furniture, LLC,<br>Samalco LLC,<br>The Annex LLC d/b/a Thomasville Drexel,<br>TOW of Wisconsin, Inc.,<br><br>Defendants. | Adv. Proc. No. 19-50000 (BLS)<br>Adv. Proc. No. 19-50001 (BLS)<br>Adv. Proc. No. 19-50002 (BLS)<br>Adv. Proc. No. 19-50003 (BLS)<br>Adv. Proc. No. 19-50004 (BLS)<br>Adv. Proc. No. 19-50005 (BLS)<br>Adv. Proc. No. 19-50006 (BLS) |

## SETTLEMENT AGREEMENT REGARDING
## FRANCHISEE ADVERSARY PROCEEDINGS

This settlement agreement stipulation (the "Stipulation") is entered into by and between (a) Alfred T. Giuliano, chapter 7 trustee (the" Trustee") for the estates of the above-captioned debtors (the "Debtors"), (b) PNC Bank, National Association ("PNC") and (c) certain of the defendants in the above-captioned adversary proceedings (the "Adversary Proceedings")[2]: Cabot House Inc.; Campbell & Co. Inc.; Plum Management LLC; Quality Furniture, LLC; Samalco LLC; The Annex LLC d/b/a Thomasville Drexel; and TOW of Wisconsin, Inc., (collectively, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150).

[2] Angelus Furniture Outlet, Inc. filed chapter 7 recently and therefore is not a party to this Stipulation.

"Defendants," and together with the Trustee and PNC, the "Parties"). The Parties hereby stipulate and agree as follows:

### Recitals

WHEREAS, on July 29, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

WHEREAS, in December 2018 and January 2019, the Debtors commenced the Adversary Proceedings. The Adversary Proceedings each seek a determination that the applicable franchisee Defendant violated the automatic stay and a recovery of withheld outstanding receivables the Debtors alleged are due based upon the Debtors' sale of goods to each defendant on credit.

WHEREAS, on or about February 26, 2019, the Defendants filed a motion to dismiss in each of the Adversary Proceedings.

WHEREAS, on March 15, 2019 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 644], and Alfred T. Giuliano was appointed as the chapter 7 trustee of the Debtors' estates[Docket No. 645].

WHEREAS, on November 14, 2019, the Court entered the *Order Granting Motion of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001 and 9019, and Local Rule of Bankruptcy Procedure 4001 for Entry of an Order Approving Stipulation By and Between Chapter 7 Trustee for the Estates of Heritage Home Group, LLC, et al. and PNC Bank, National Association* [Docket No. 842] approving a

2

DOCS_DE:233360.4 31270/001

stipulation between the Trustee and PNC regarding carveouts of certain assets (the "Carveout Stipulation"), including recoveries relating to the Adversary Proceedings and an agreement to have PNC pursue the Adversary Proceedings if it intervenes.

WHEREAS, on or about May 4, 2020, PNC filed the *Motion of PNC Bank, N.A. to Intervene Pursuant to Federal Rule of Civil Procedure 24* (the "Intervention Motion") in each of the Adversary Proceedings.

WHEREAS, on or about May 18, 2020, the Defendants filed an objection to the Intervention Motion in each of the Adversary Proceedings.

WHEREAS, on July 23, 2020, the Court entered an order granting the Intervention Motion in each of the Adversary Proceedings.

WHEREAS, on August 24, 2020, PNC filed an opposition to the Defendants' motions to dismiss in each of the Adversary Proceedings, and on or about September 14, 2020, the Defendants filed a reply thereto.

WHEREAS, on December 7, 2020, the Court entered the *Order Approving Stipulation Governing Mediation.*

WHEREAS, on March 8, 2021, the Parties participated in a mediation to resolve the Adversary Proceedings and have agreed, subject to approval of the Court, to the following terms and conditions in this Stipulation.

NOW THEREFORE, subject to Court approval, the Parties agree as follows:

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. This Stipulation shall become effective on the date an order approving this Stipulation is entered by the Court (the "Stipulation Effective Date").

3. Within five (5) business days of the Stipulation Effective Date, the Defendants shall pay to the Trustee the aggregate sum of $642,864.00 (the "Settlement Payment"). The Settlement Payment shall be wired in accordance with instructions provided by the Trustee to Defendants on or before the Stipulation Effective Date.

4. Within five business (5) days of receipt of the Settlement Payment, after deducting the ten percent (10%) net recovery for the estates pursuant to the terms of the Carveout Stipulation, the Trustee shall pay the remaining Settlement Payment to PNC by check or by wire (pursuant to wire instructions, if any, provided by PNC).

5. Effective on the Settlement Effective Date, each of the Defendants waives any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "Waived Claims").

6. PNC Release of Defendants. Effective on the Stipulation Effective Date, except for any obligations under this Stipulation, PNC shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each of the Defendants (excluding Angelus Furniture Outlet, Inc.), and each of the Defendants' directors, employees, officers, and related entities, specifically Home Furnishings of Paramus LLC, Home Furnishings of Princeton LLC, Home Furnishings of Woodbridge LLC, Home Furnishings of Eatontown LLC, Home Furnishings of East Hanover LLC, Design Savvy Furniture , LLC, Home Furnishings of NJ, LLC, Thomasville Interiors, LLC, Home Furnishings of Rockaway LLC, Furniture Transport, LLC, Quality California LLC, Quality Furniture Company LP, Home Furnishings of Coram, Inc., Home Furnishings of Westchester, Inc., Home Furnishings of Garden City, Inc., Home Furnishings of Nanuet Corp, and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions,

causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which PNC has, had, may have, or may claim to have against the Defendant Releasees relating to the Adversary Proceedings or the Debtors' estates. Notwithstanding the foregoing, this release by PNC does not apply to any loan, debt or other obligation that any of the Defendant Releasees have or owe to PNC that is unrelated to the Debtors' estates or the Adversary Proceedings.

7. <u>Trustee's Release of Defendants.</u> Effective on the Stipulation Effective Date, except for any obligations under this Stipulation, the Trustee and the Debtors' estates shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each of the Defendant Releasees from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee and the Debtors' estates have, had, may have, or may claim to have against the Defendant Releasees relating to the Adversary Proceedings or the Debtors' estates.

8. <u>Defendants' Release of PNC and Trustee.</u> Effective on the Stipulation Effective Date, except for any obligations under this Stipulation, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged PNC, its past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them

5

DOCS_DE:233360.4 31270/001

(collectively, the "PNC Releasees") and the Trustee, the Debtors and their bankruptcy estates, and each of their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant Releasees have, had, may have, or may claim to have against any of the PNC Releasees or Trustee Releasees relating to the Debtors' estates, the Adversary Proceedings, or any defenses raised in response to the Adversary Proceedings.

9. No provision of this Stipulation is intended to or shall affect or benefit any persons beyond the Parties.

10. This Stipulation is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Adversary Proceedings.

11. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Adversary Proceedings and this Stipulation; provided however, that the allocation of legal fees and expenses between the Trustee and the PNC shall remain subject to terms of the Carveout Stipulation. In the event of any dispute in connection with the enforcement of this Stipulation, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

12. The Parties agree that if any provision of this Stipulation is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Stipulation. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Stipulation that is illegal, invalid, or unenforceable.

13. This Stipulation is an integrated document, containing the entire undertaking between the Parties regarding the matters addressed herein, and, except as set forth in this Stipulation, no representations, warranties, promises, inducements or considerations have been made or relied upon by the Parties.

14. This Stipulation shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

15. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and each of their respective heirs, executors, legal representatives, successors and permitted assigns.

16. This Stipulation shall survive dismissal or conversion of these bankruptcy cases, and shall be binding on the Trustee, any subsequent trustee that may be appointed, the Debtors, the Debtors' bankruptcy estates, and the Debtors' successors and/or assigns.

17. This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereupon and all of which shall constitute one and the same instrument. This Stipulation shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

18. The undersigned Parties, by and through their respective counsel, hereby represent and warrant that: (a) they have full authority to execute this Stipulation; (b) they have

7

DOCS_DE:233360.4 31270/001

full knowledge of, and have consented to, this Stipulation; and (c) they are fully authorized to bind themselves to all of the terms and conditions of this Stipulation.

19. The Court shall retain jurisdiction, and the Parties consent to such retention of jurisdiction, to resolve any disputes or controversies arising from or related to this Stipulation and accompanying order.

[Intentionally Left Blank]

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

| | |
|---|---|
| ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors | PNC Bank, National Association |
| By: */s/ Alfred T. Giuliano* | By: _____ |
| Title: Chapter 7 Trustee | Title: _____ |
| Date: 4/14/2021 | Date: _____ |
| | |
| Cabot House Inc.; | Campbell & Co. Inc., |
| By: _____ | By: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |
| | |
| Plum Management LLC | Quality Furniture, LLC |
| By: _____ | By: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |
| | |
| Samalco LLC | |
| By: _____ | |
| Title: _____ | |
| Date: _____ | |

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: Thomas F. Karlov
_Digitally signed by Thomas F. Karlov_
_Date: 2021.04.14 11:15:50 -05'00'_

Title: Senior Vice President

Date: 4/14/21

Cabot House Inc.;

By: _____

Title: _____

Date: _____

Campbell & Co. Inc.,

By: _____

Title: _____

Date: _____

Plum Management LLC

By: _____

Title: _____

Date: _____

Quality Furniture, LLC

By: _____

Title: _____

Date: _____

Samalco LLC

By: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: _____

Title: _____

Date: _____

Cabot House Inc.;

By: _*[signature]*_

Title: _Pres_

Date: _4/14/21_

Campbell & Co. Inc.,

By: _____

Title: _____

Date: _____

Plum Management LLC

By: _____

Title: _____

Date: _____

Quality Furniture, LLC

By: _____

Title: _____

Date: _____

Samalco LLC

By: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: _____

Title: _____

Date: _____

Cabot House Inc.;

By: _____

Title: _____

Date: _____

Campbell & Co., Inc.,

By: _/s/_____

Title: _President_

Date: _4/15/21_

Plum Management LLC

By: _____

Title: _____

Date: _____

Quality Furniture, LLC

By: _/s/ Shype Chiu_

Title: _MEMBER AND MANAGER_

Date: _April 14th, 2021_

Scanned with CamScanner

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: _____

Title: _____

Date: _____

Cabot House Inc.:

By: _____

Title: _____

Date: _____

Campbell & Co. Inc.,

By: _____

Title: _____

Date: _____

Plum Management LLC

By: /s/ _illegible signature_

Title: Member / Michael Massood

Date: 4/14/21

Quality Furniture, LLC

By: _____

Title: _____

Date: _____

Samalco LLC

By: _____

Title: _____

Date: _____

9

DOCS_DE:233360.4 31270/001

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: _____

Title: _____

Date: _____

Cabot House Inc.;

By: _____

Title: _____

Date: _____

Campbell & Co. Inc.,

By: _____

Title: _____

Date: _____

Plum Management LLC

By: _____

Title: _____

Date: _____

Quality Furniture, LLC

By: *Shupei Chiu*

Title: MEMBER AND MANAGER

Date: APRIL 14TH, 2021

Samalco LLC

By: _____

Title: _____

Date: _____

9

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the last date indicated below.

ALFRED T. GIULIANO, not individually but as chapter 7 trustee for the bankruptcy estates of Heritage Home Group, LLC and its affiliated debtors

By: _____

Title: _____

Date: _____

PNC Bank, National Association

By: _____

Title: _____

Date: _____

Cabot House Inc.;

By: _____

Title: _____

Date: _____

Campbell & Co. Inc.,

By: _____

Title: _____

Date: _____

Plum Management LLC

By: _____

Title: _____

Date: _____

Quality Furniture, LLC

By: _____

Title: _____

Date: _____

⁂ Samalco LLC

By: *[signature]*

Title: OWNER

Date: April 14th - 2021

9

The Annex LLC d/b/a Thomasville Drexel

By: _____

Title: _Owner_____

Date: _4/14/21_____


TOW of Wisconsin, Inc.

By: _____

Title: _____

Date: _____

10

The Annex LLC d/b/a Thomasville Drexel

By: _____

Title: _____

Date: _____


TOW of Wisconsin, Inc.

By: _____*[signature]*_____

Title: __President__

Date: __4/14/21__

10

DOCS_DE:233360.4 31270/001