## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | Case No. 18-11726 (BLS) |
| Debtors. | **Hearing Date:  July 21, 2021 at 9:45 a.m. (ET)**<br>**Objections Due: June 30, 2021 at 4:00 p.m. (ET)** |

### MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
### TO APPROVE THE STIPULATION WITH THE
### FBI WIND DOWN, INC. LIQUIDATING TRUST

Alfred T. Giuliano, chapter 7 trustee (the "HHG Trustee") of the estates of the above-captioned debtors (the "HHG Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a settlement agreement stipulation (the "Stipulation") entered into by and between the HHG Trustee, on behalf of the Debtors' estates, and the Liquidating Trustee of the FBI Wind Down, Inc. Liquidating Trust (the "FBI Trust").  A copy of the Stipulation is attached to the proposed form of order as Exhibit 1. In support of this Motion, the HHG Trustee respectfully states as follows:

### JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the HHG Trustee confirms his consent pursuant to Rule 9013-1(f) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150).

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## **BACKGROUND**

4.      On July 29, 2018 (the "HHG Petition Date"), each of the HHG Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").   The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On March 15, 2019, the Court entered an order converting the chapter 11 cases to cases under chapter 7 and Alfred T. Giuliano was appointed as the chapter 7 trustee of the HHG Debtors' estates.

6.      The HHG Debtors were entities newly formed in or about November 2013 for the purpose of acquiring substantially all of the assets of FBI Wind Down, Inc. (formerly known as Furniture Brands International, Inc.) and its affiliated debtors (the "FBI Debtors").

7.      On September 9, 2013, the FBI Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The FBI Debtors' cases are jointly administered under lead case no. 13-12329 (CSS).

8.      On November 22, 2013, following a hearing on notice, the Court entered an order in the FBI Debtors' chapter 11 cases, among other things, approving the sale of substantially all of the assets of the FBI Debtors to Heritage Home Group LLC ("HHG") and certain of its affiliates. The sale closed on November 25, 2013.

9.      Immediately after the sale closed, certain disputes arose between the FBI Debtors and the HHG Debtors relating to the purchase price for the FBI Debtors' assets.

10.     On July 14, 2014, following a hearing on notice, the Court entered an order, among other things, confirming the FBI Debtors' chapter 11 plan of liquidation.

11.     On August 1, 2014, the FBI Debtors' plan of liquidation became effective, the FBI Trust was established, and Alan D. Halperin was appointed Liquidating Trustee of the FBI Trust (the "Liquidating Trustee").

12.     On November 20, 2015, the Liquidating Trustee, on behalf of the FBI Trust, commenced an adversary proceeding against HHG and certain other defendants seeking to recover more than $14 million in damages.  That adversary proceeding remains pending before Chief Judge Sontchi of this Court.  *See* Adv. Proc. No. 15-51899 (CSS) (the "Adversary Proceeding").

13.     Following the Petition Date, on January 24, 2019, the FBI Trust filed five proofs of claim in the amount of not less than $14 million against each of the Debtors (collectively, the "FBI Claims").  Those claims have been identified as claims no. 311, 316, 328, 329, and 330 on the final chapter 11 claims register filed at docket no. 664.

14.     The HHG Trustee, on behalf of the HHG Debtors' estates, and the Liquidating Trustee, on behalf of the FBI Trust, through their respective professional advisors, have engaged in extensive good faith and arm's-length negotiations and have agreed to resolve all disputes

between their respective estates, including the Adversary Proceeding and the FBI Claims, on the terms set forth in the Stipulation.

## SUMMARY OF THE STIPULATION [2]

15.     As set forth more fully in the attached Stipulation, the primary terms of the Stipulation are as follows:

a.     The Stipulation will be effective upon the entry of an unstayed order of this Court authorizing and approving the Stipulation (the "Effective Date").

b.     On the Effective Date, the FBI Claims will be allowed as wholly prepetition general unsecured, non-priority claims against each of the applicable HHG Debtors to which such claims were filed against in the reduced amount of $8,500,000.00 each (collectively, the "Allowed FBI Claims"). The FBI Trust or any successor or assign shall be entitled to receive the applicable pro rata distribution, if any, on account of the Allowed FBI Claims from the HHG Debtors' estates.

c.     Within ten (10) business days after the Effective Date, the FBI Trust shall dismiss the Adversary Proceeding against HHG with prejudice.

d.     The parties will exchange mutual releases.

## RELIEF REQUESTED AND BASIS THEREFOR

16.     By this Motion, the HHG Trustee seeks entry of an order approving the Stipulation, which is attached as Exhibit 1 to the proposed order annexed hereto as Exhibit A.

17.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548,

---

[2] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Stipulation, the actual terms of the Stipulation shall control.

568 (3d Cir. 2003) (*en banc*).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

18.    Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

19.    In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

20.    When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement

falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996).

21.     The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

22.     The HHG Trustee believes the Stipulation is fair and reasonable and is in the best interests of the HHG Debtors' estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The Stipulation is the product of good-faith discussions and arms' length bargaining among the parties and the HHG Trustee believes that the Stipulation is in the best interests of the HHG Debtors' estates.  Among other things, the Stipulation resolves the FBI Claims, which represent some of the largest unliquidated prepetition claims against the estate, and resolves the Adversary Proceeding without further cost or expense to either party and allows each party to efficiently administer their respective estates.  Further, the Stipulation is an agreement between two estate fiduciaries, each of whom believes the Stipulation will expedite the administration of his respective estates while minimizing further cost or delay to such estates.

23.     Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v.*

*Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

24.     Here, the HHG Trustee submits approval under section 363(b) of the Bankruptcy Court is also appropriate.  The Stipulation provides for, among other terms, mutual releases and waivers of claims, other than the Allowed FBI Claims.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the HHG Trustee, in an exercise of his sound business judgment, submits the Stipulation is fair, reasonable, and appropriate and should be approved by this Court.

## NOTICE

25.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Liquidating Trustee; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  The HHG Trustee submits that no other or further notice is necessary or required.

DOCS_DE:234942.1 31270/001

WHEREFORE, the HHG Trustee respectfully requests that the Court grant the Motion, approve the Stipulation, enter the proposed order, and grant such other relief as is just and proper.

Dated: June 16, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:    bsandler@pszjlaw.com
               crobinson@pszjlaw.com
               pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*