# **EXHIBIT 1**

**Stipulation**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Stipulation") is entered into by and between Alfred T. Giuliano, not individually but solely in his capacity as chapter 7 trustee (the "HHG Trustee") for the jointly administered bankruptcy estates of Heritage Home Group LLC, *et al.* (the "HHG Debtors"), and the FBI Wind Down, Inc., Liquidating Trust (the "FBI Trust"), by and through Alan D. Halperin, not individually but solely in his capacity as Liquidating Trustee of the FBI Trust. The HHG Trustee and the FBI Trust are referred to herein as the "Parties."

## RECITALS

WHEREAS, on July 29, 2018 (the "HHG Petition Date"), each of the HHG Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b);

WHEREAS, on March 15, 2019, the Court entered an order converting the chapter 11 cases to cases under chapter 7 and the HHG Trustee was appointed as the chapter 7 trustee of the HHG Debtors' estates;

WHEREAS, the HHG Debtors were entities newly formed in or about November 2013 for the purpose of acquiring substantially all of the assets of FBI Wind Down, Inc. (formerly known as Furniture Brands International, Inc.) and its affiliated debtors (the "FBI Debtors");

WHEREAS, on September 9, 2013, the FBI Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The FBI Debtors' cases are jointly administered under lead case no. 13-12329 (CSS);

WHEREAS, on November 22, 2013, following a hearing on notice, the Court entered an order in the FBI Debtors' chapter 11 cases, among other things, approving the sale of substantially

all of the assets of the FBI Debtors to Heritage Home Group LLC ("HHG") and certain of its affiliates. The sale closed on November 25, 2013;

WHEREAS, immediately after the sale closed, certain disputes arose between the FBI Debtors and the HHG Debtors relating to the purchase price for the FBI Debtors' assets;

WHEREAS, on July 14, 2014, following a hearing on notice, the Court entered an order, among other things, confirming the FBI Debtors' chapter 11 plan of liquidation;

WHEREAS, on August 1, 2014, the FBI Debtors' plan of liquidation became effective, the FBI Trust was established, and Alan D. Halperin was appointed Liquidating Trustee of the FBI Trust (the "Liquidating Trustee");

WHEREAS, on November 20, 2015, the Liquidating Trustee, on behalf of the FBI Trust, commenced an adversary proceeding against HHG and certain other defendants seeking to recover more than $14 million in damages. That adversary proceeding remains pending before Chief Judge Sontchi of this Court. *See* Adv. Proc. No. 15-51899 (CSS) (the "Adversary Proceeding");

WHEREAS, following the Petition Date, on January 24, 2019, the FBI Trust filed five proofs of claim in the amount of not less than $14 million against each of the Debtors (collectively, the "FBI Claims"). Those claims have been identified as claims no. 311, 316, 328, 329, and 330 on the final chapter 11 claims register filed at docket no. 664; and

WHEREAS, the HHG Trustee, on behalf of the HHG Debtors' estates, and the Liquidating Trustee, on behalf of the FBI Trust, through their respective professional advisors, have engaged in extensive good faith and arm's-length negotiations and have agreed to resolve all disputes between their respective estates, including the Adversary Proceeding and the FBI Claims, on the terms set forth in the Stipulation.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to Court approval, the Parties hereby agree that:

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. Promptly after the execution of this Stipulation by the Parties, the HHG Trustee shall file a motion with the Court seeking authority and approval to enter into this Stipulation.

3. This Stipulation shall become effective on the date the Court enters an unstayed order authorizing and approving this Stipulation (the "Effective Date").

4. On the Effective Date, the FBI Claims will be allowed as wholly prepetition general unsecured, non-priority claims against each of the applicable HHG Debtors to which such claims were filed against in the reduced amount of $8,500,000.00 each (collectively, the "Allowed FBI Claims"). The FBI Trust or any successor or assign shall be entitled to receive the applicable pro rata distribution, if any, on account of the Allowed FBI Claims from the HHG Debtors' estates.

5. Within ten (10) business days after the Effective Date, the FBI Trust shall dismiss the Adversary Proceeding against HHG with prejudice.

6. Effective on the Effective Date, and except for any obligations under this Stipulation, the HHG Trustee and the HHG Debtors' estates shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each of the FBI Trust, the FBI Debtors, their estates, the Liquidating Trustee (solely in his capacity as the FBI Liquidating Trustee), each of their respective successors and assigns, and the Liquidating Trustee's attorneys, accountants, financial advisors, and other professional advisors (collectively, the "FBI Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties,

covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the HHG Trustee and the Debtors' estates have, had, may have, or may claim to have against the FBI Releasees relating to the FBI Debtors' bankruptcy cases, the HHG Debtors' bankruptcy cases, each of their respective estates, the FBI Trust, Adversary Proceeding, or the FBI Claims.

7. Effective on the Effective Date, and except for any obligations under this Stipulation, the FBI Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each of the HHG Trustee (solely in his capacity as the HHG chapter 7 trustee), the Debtors, the Debtors' estates, each of their respective successors and assigns and the HHG Trustee's attorneys, accountants, financial advisors, and other professional advisors (together, the "HHG Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the FBI Releasees have, had, may have, or may claim to have against the HHG Releasees relating to FBI Debtors' bankruptcy cases, the HHG Debtors' bankruptcy cases, each of their respective estates, the FBI Trust, the Adversary Proceeding, or the FBI Claims. For the avoidance of doubt, the FBI Releases shall not release any rights with respect to the Allowed FBI Claims.

8. Miscellaneous Provisions.

    a. No provision of this Stipulation is intended to or shall affect or benefit any persons beyond the Parties.

  b. This Stipulation is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Adversary Proceeding.

  c. The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Adversary Proceeding and this Stipulation. In the event of any dispute in connection with the enforcement of this Stipulation, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

  d. The Parties agree that if any provision of this Stipulation is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Stipulation. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Stipulation that is illegal, invalid, or unenforceable.

  e. This Stipulation is an integrated document, containing the entire undertaking between the Parties regarding the matters addressed herein, and, except as set forth in this Stipulation, no representations, warranties, promises, inducements or considerations have been made or relied upon by the Parties.

  f. This Stipulation shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

  g. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and each of their respective heirs, executors, legal representatives, successors and permitted assigns.

  h. This Stipulation shall survive the dismissal of the bankruptcy cases of the HHG Debtors or the FBI Debtors, the termination of the FBI Trust, or the discharge of either the

HHG Trustee or the Liquidating Trustee and shall be binding on the Parties, any subsequent trustees that may be appointed, the HHG Debtors, their estates, the FBI Debtors, their estates, and each of their respective successors and/or assigns.

      i.      This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereupon and all of which shall constitute one and the same instrument. This Stipulation shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

      j.      The undersigned Parties, by and through their respective counsel, hereby represent and warrant that: (a) they have full authority to execute this Stipulation; (b) they have full knowledge of, and have consented to, this Stipulation; and (c) they are fully authorized to bind themselves to all of the terms and conditions of this Stipulation.

      k.      This Stipulation shall be deemed to have been drafted by both Parties and, in the event of a dispute, no Party shall be entitled to claim that any provision hereof should be construed against any other Party by reason of the fact that it was drafted by one particular Party.

      l.      This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

      m.      The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties expressly consent to such jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Stipulation.

[Signature Page Follows]

IN WITNESS WHEREOF, this Stipulation is hereby executed as of the last date set forth below:

ACCEPTED AND AGREED TO BY:

| | |
|---|---|
| Dated: June 16, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | Wilmington, DE 19801 |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: bsandler@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | *Counsel to Alfred T. Giuliano, Chapter 7 Trustee* |
| | |
| Dated: June 16, 2021 | HAHN & HESSEN LLP |
| | |
| | */s/ Bryan J. Hall* |
| | Mark S. Indelicato |
| | 488 Madison Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 478-7200 |
| | Facsimile: (212) 478-7400 |
| | Email: mindelicato@hahnhessen.com |
| | |
| | -and- |
| | |
| | Bryan J. Hall (No. 6285) |
| | ARCHER & GREINER, P.C. |
| | 300 Delaware Avenue, Suite 1100 |
| | Wilmington, DE 19810 |
| | Telephone: (302) 356-6625 |
| | Facsimile:  (302) 777-4352 |
| | Email: bjhall@archerlaw.com |
| | |
| | *Counsel to Alan D. Halperin, Liquidating Trustee of the FBI Wind Down, Inc. Liquidating Trust* |

221080906v4