# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HERITAGE HOME GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11736 (BLS)<br><br>(Jointly Administered)<br>**Ref. Docket No. 962** |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br>KPS SPECIAL SITUATIONS FUND III (A), L.P.; KPS SPECIAL SITUATIONS FUND III, LP; KPS SPECIAL SITUATIONS FUND III (SUPPLEMENTAL), LP; KPS SPECIAL SITUATIONS FUND III (AIV), LP; KPS OFFSHORE INVESTORS LTD.; KPS CAPITAL PARTNERS, LP; KPS CAYMAN MANAGEMENT III LTD.; KPS INVESTORS III, LTD.; KPS INVESTORS III, LP; KPS INVESTORS III (AIV), LP; KPS INVESTORS III (AIV), LTD.,<br><br>Defendants,<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Nominal Defendant. | Adv. Proc. No. 20-50772 (BLS)<br><br>**Ref. Adv. Docket No. 25** |

### ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH KPS

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement With KPS* (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

---

[1] The "Debtors" in these cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: Heritage Home Group LLC (9506) ("HHG"); HH Global II B.V. (0165) ("HH Global II"); HH Group Holdings US, Inc. (7206) ("HHG Holdings"); HHG Real Property LLC (3221) ("HHG Property"); and HHG Global Designs LLC (1150) ("HHG Designs").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Rule 9019, approving a settlement agreement (the "Settlement Agreement") by and between (a) the Trustee and (b) KPS Special Situations Fund III (A), L.P., KPS Special Situations Fund III, LP, KPS Special Situations Fund III (Supplemental), LP, KPS Special Situations Fund III (AIV), LP, KPS Offshore Investors Ltd., KPS Capital Partners, LP, KPS Cayman Management III Ltd., KPS Investors III, Ltd., KPS Investors III, LP, KPS Investors III (AIV), LP, and KPS Investors III (AIV), Ltd. (collectively, "KPS," and together with Trustee, the "Parties"); a copy of which Settlement Agreement is attached to this Order as Exhibit 1; the Court having reviewed the Motion and the Settlement Agreement and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreement (i) is the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) is fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represents a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreement provided sufficient consideration for the transactions contemplated by the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

2

      2.      The terms of the Settlement Agreement attached hereto as <u>Exhibit 1</u> are incorporated by reference and APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

      3.      The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreement and perform their obligations provided for thereunder.

      4.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or any other Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

      5.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

**Dated: July 16th, 2021**
**Wilmington, Delaware**

                                 BRENDAN L. SHANNON
                                 UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:234949.3 31270/001