IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | ) | Case No. 18-11736 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: February 9, 2022 at 4:00 p.m. ET**
**Hearing Date: February 24, 2022 at 9:00 a.m. ET**

**THIRD INTERIM APPLICATION (CONTINGENT FEE MATTERS)
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM JANUARY 1, 2021 THROUGH DECEMBER 31, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective *nunc pro tunc* to March 15, 2019, by order signed on or about April 22, 2019, and amended by order signed on or about November 20, 2019 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2021 through December 31, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $63,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 3,543.86 |

This is an:     ☐ monthly     ☒ interim     ☐ final application.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's tax identification numbers, are: Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at 1925 Eastchester Drive, High Point, North Carolina 27265.

[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/29/21 | 03/15/19 – 12/31/20 | $302,173.00 | $16,316.77 | $302,173.00 | $16,316.77 |
| 02/01/21 | 03/15/19 – 12/31/20 (Contingent) | $136,032.40 | $10,887.24 | $136,032.40 | $10,887.24 |

## SUMMARY OF RECOVERIES

| Vendor | Recovery Amount | 25% of Recovery |
|---|---|---|
| AKZO NOBEL COATINGS INC. | $38,000.00 | $ 9,500.00 |
| YANG MING (AMERICA) CORPORATION | $30,000.00 | $ 7,500.00 |
| American Express Travel Related Services Company, Inc. | $30,000.00 | $ 7,500.00 |
| YASH TECHNOLOGIES PRIVATE LIMITED | $47,500.00 | $11,875.00 |
| CENTURY LINK COMMUNICATIONS, LLC and LEVEL 3 COMM. | $35,000.00 | $ 8,750.00 |
| DOUG MOCKETT & COMPANY, INC. | $ 4,000.00 | $ 1,000.00 |
| MODE TRANSPORTATION, LLC | $20,000.00 | $ 5,000.00 |
| PCB APPS L.L.C. | $12,500.00 | $ 3,125.00 |
| NIPPON YUSEN C/O NYK SERVICES (NORTH AMERICA) INC. | $35,000.00 | $ 8,750.00 |
| Total: | $252,000.00 | $63,000.00 |


**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Advita | $    22.50 |
| Express Mail | Federal Express | $  163.86 |
| Outside Services | Faegre Drinker Biddle & Reath LLP | $3,250.00 |
| Court Research | Pacer | $    39.20 |
| Reproduction Expense | | $      0.40 |
| Reproduction/ Scan Copy | | $    67.90 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HERITAGE HOME GROUP, LLC, *et al.*,[1] | ) | Case No. 18-11736 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline:  February 9, 2022 at 4:00 p.m. ET**
**Hearing Date:  February 24, 2022 at 9:00 a.m. ET**

**THIRD INTERIM APPLICATION (CONTINGENT FEE MATTERS)
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM JANUARY 1, 2021 THROUGH DECEMBER 31, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel

for the Chapter 7 Trustee, hereby submits its Third Interim Application (Contingent Fee Matters)

for Compensation and for Reimbursement of Expenses for the Period from January 1, 2021

through December 31, 2021 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the

amount of $63,000.00 and actual and necessary expenses in the amount of $3,543.86 for a total

allowance of $66,543.86, and payment of the unpaid amount of such fees and expenses, for the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's tax identification numbers, are:
Heritage Home Group LLC (9506); HH Global II B.V. (0165); HH Group Holdings US, Inc. (7206); HHG Real
Property LLC (3221); and HHG Global Designs LLC (1150). The Debtors' corporate headquarters was located at
1925 Eastchester Drive, High Point, North Carolina 27265.

period January 1, 2021 through December 31, 2021 (the "Interim Period"). In support of this

Application, PSZ&J respectfully represents as follows:

## Background

1.      On July 29, 2018 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases were converted

to Chapter 7 proceedings by order entered March 15, 2019. Alfred T. Giuliano ("Chapter 7

Trustee") was appointed as the Chapter 7 Trustee in these cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was

approved *nunc pro tunc* to March 15, 2019 by this Court's "Order Granting Application of

Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a),

Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain

Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, *Nunc Pro Tunc* to March

15, 2019," signed on or about April 22, 2019 [Docket No. 707]. On or about November 4, 2019

the Firm filed an amended retention application [Docket No. 838] seeking a court order

authorizing revised terms of compensation for PSZ&J services in recovering avoidable transfers

("Preference Recovery Work") on a 25% contingency basis. The Court approved the amended

application by order dated November 20, 2019 [Docket No. 846]. Preference Recovery Work is

the subject of this fee application.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

4.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Chapter 7 Trustee.

5.      PSZ&J has received no payment and no promises for payment from any

source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case.

**Actual and Necessary Expenses**

6.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

7.      PSZ&J charges $0.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Chapter Trustee for the receipt of faxes in this case.

8.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

9.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

10.     The total amount of reasonable and necessary costs incurred and to be

reimbursed to PSZ&J is $3,543.86.

### Summary of Services Rendered

11.     PSZ&J has performed its work as counsel in assisting the Chapter 7

Trustee with the recovery of assets, and performed all necessary professional services pursuant to

the terms of its retention.

12.     The reasonable value of the services rendered by PSZ&J for the Chapter 7

Trustee during the Interim Period (comprising 25% of the amounts recovered) is $63,000.00.

13.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such

Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period January 1, 2021

through December 31, 2021, an interim allowance be made to PSZ&J for compensation in the

amount of $63,000.00 and actual and necessary expenses in the amount of $3,543.86 for a total

allowance of $66,543.86; that payment of such allowed amounts be authorized on an interim

basis; and for such other and further relief as this Court may deem just and proper.

Dated:  January 26, 2022                     PACHULSKI STANG ZIEHL & JONES LLP


                                             */s/ Peter J. Keane*
                                             Bradford J. Sandler (DE Bar No. 4142)
                                             Colin R. Robinson (DE Bar No. 5524)
                                             Peter J. Keane (DE Bar No. 5503)
                                             919 N. Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, DE 19899 (Courier 19801)
                                             Telephone:  (302) 652-4100
                                             Facsimile:   (302) 652-4400
                                             Email:   bsandler@pszjlaw.com
                                                         crobinson@pszjlaw.com
                                                         pkeane@pszjlaw.com

                                             *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

## **CERTIFICATION PURSUANT TO LOCAL RULE 2016-2(g)**

Peter J. Keane certifies as follows:

a)       I am an attorney with the applicant law firm Pachulski Stang Ziehl &

Jones LLP, and have been admitted to appear before this Court.

b)       I am familiar with the work performed on behalf of the Chapter 7 Trustee

to the estates of the debtors by the lawyers and paraprofessionals of PSZ&J.

c)       I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with

such Rule.


*/s/ Peter J. Keane*
Peter J. Keane


DOCS_DE:237932.1 31270/002