# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **J & M SALES, INC.,** *et al.*[1] | Case No.: 18-11801 (LSS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: Jan. 25, 2019 at 4:00 p.m. (ET)<br>Hearing Date: Feb. 12, 2019 at 10:00 a.m. (ET) |
| _____/ | |

## MOTION OF SELDAT, INC. FOR
## ALLOWANCE AND IMMEDIATE PAYMENT OF AN ADMINISTRATIVE CLAIM
## PURSUANT TO SECTION 503(b)(1) OF THE BANKRUPTCY CODE

Seldat, Inc. ("Seldat"), by and through its undersigned counsel, hereby moves this Court for the entry of an order for the allowance and immediate payment of an administrative claim pursuant to Section 503(b)(1) of the Bankruptcy Code (the "Motion"). In support of the Motion, Seldat respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Seldat confirms its consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final order of judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The Chapter 11 Debtors are, along with the last four digits of each Debtor's Federal Tax Identification number, as follows: J&M Sales Inc. (4697); National Stores, Inc. (4874); J&M Sales of Texas, LLC (5979); FP Stores, Inc. (6795); Southern Island Stores, LLC (8099); Southern Island Retail Stores LLC (4237); Caribbean Island Stores, LLC (9301); Pazzo FNB Corp. (9870); Fallas Stores Holdings, Inc. (6052); and Pazzo Management LLC (1924). Debtors' mailing address is 15001 Figueroa Street, Gardena, CA 90248.

{00024805.2 }

3. Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion is Section 503(b)(1) of the Bankruptcy Code.

## BACKGROUND

5. On August 8, 2018 (the "Petition Date"), J & M Sales, Inc., and certain affiliates (collectively, the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. Seldat provided staffing services to the Debtors both before and after the Petition Date.

7. After the Petition Date, at the Debtors' request, Seldat continued to provide staffing services to the Debtors. From September 19, 2018 through October 28, 2018, relying on the Debtors' promise to pay, Seldat provided staffing services and distribution services to the Debtors. The Debtors have not paid Seldat for these post-petition staffing services. The unpaid post-petition invoices amount to $365,029.90. A true and correct copy of the unpaid post-petition invoices are attached hereto as **Exhibit A**.

## RELIEF REQUESTED

8. By this Motion, Seldat requests that this Court enter an Order, pursuant to Section 503(b)(1) of the Bankruptcy Code, requiring the Debtors to immediately pay the post-petition invoices in the total amount of $365,029.90 no later than five (5) days from entry of the Order.

## BASIS FOR THE RELIEF REQUESTED

9. Section 503 of the Bankruptcy Code provides: "[a]fter notice and a hearing, there shall be allowed administrative expenses…..including….the actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b)(1)(A).

10. Under section 503(b)(1)(A) of the Bankruptcy Code, all obligations that arise in connection with the post-petition delivery of goods or services to a debtor are, by definition, administrative expenses. Here, there is no question that the Debtors requested and required the staffing services of Seldat as a critical vendor, that Seldat provided the staffing services, and that those services were an actual and necessary cost of preserving the Debtor's estate. Therefore, Seldat's administrative expense claim must be allowed.

**WHEREFORE**, Seldat, Inc., respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit B**, for the allowance and payment of an administrative expense claim, in the total amount of $365,029.90 within five (5) days of the entry of an Order, and for such other relief as is just and proper.

[*Signature Page to Follow*]

| | |
|---|---|
| Dated: January 11, 2019<br>Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>*/s/ Jason A. Gibson*<br>Frederick B. Rosner (DE 3995)<br>Jason A. Gibson (DE 6091)<br>824 N. Market Street, Suite 810<br>Wilmington, Delaware 19801<br>Tel.: (302) 777-1111<br>Email: rosner@teamrosner.com<br>         gibson@teamrosner.com<br><br>-and-<br><br>**BAKER & HOSTETLER LLP**<br>Elizabeth A. Green<br>SunTrust Center<br>200 South Orange Avenue | Suite 2300<br>Orlando, FL 32801-3432<br>Tel.: (407) 649-4036<br>Email: egreen@bakerlaw.com<br><br>*Counsel to Seldat, Inc.* |

{00024805.2 }                                    4